NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000379
05-JAN-2016
08:41 AM**

NO. CAAP-15-0000379

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LAW OFFICES OF GARY Y. SHIGEMURA, a Law Corporation,
Plaintiff-Appellant,
v.
ARLENE PILIALOHA, Defendant-Appellee,
and
HAWAII MEDICAL SERVICE ASSOCIATION, Garnishee-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC14-1-1843)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff-Appellant Law Offices of Gary Y. Shigemura's (Appellant Shigemura) appeal from the Honorable Hilary B. Gangnes's

(1)  April 7, 2015 judgment on a January 30, 2015 post-judgment order sanctioning Appellant Shigemura by awarding attorneys' fees to Garnishee-Appellee Hawaii Medical Service Association (HMSA), and

(2)  March 5, 2015 post-judgment order sanctioning Attorney Gary Y. Shigemura (Shigemura),

because the district court has not yet entered a written post-judgment order that finally determines, and thus ends, the underlying post-judgment proceeding for Appellee HMSA's December 15, 2014 post-judgment motion under Rule 60(b) of the

District Court Rules of Civil Procedure (DCRCP) to set aside a December 4, 2014 judgment on an October 13, 2014 post-judgment garnishment order in favor of Appellant Shigemura and against Appellee HMSA.

Appellant Shigemura is attempting to appeal from the district court's April 7, 2015 judgment and the March 5, 2015 post-judgment sanction order pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The final judgment that adjudicated Appellant Shigemura's complaint in the underlying case was the district court's May 7, 2014 judgment in favor of Appellant Shigemura and against Defendant-Appellee Pilialoha, awarding damages, attorney's fees and costs to Appellant Shigemura in a total amount of $17,186.87. No party asserted an appeal from the May 7, 2014 judgment in this case.

Instead, Appellant Shigemura initiated multiple post-judgment proceedings to enforce the May 7, 2014 judgment, which resulted in numerous post-judgment orders. A resulting "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d

974, 978 (2003) (citation omitted). "[T]he separate judgment requirement articulated in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994)] is inapposite in the post-judgment context." <u>Ditto</u>, 103 Hawaiʻi at 158, 80 P.3d at 979.

> Clearly, the rule in <u>Jenkins</u> – to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken – is limited to circuit court orders disposing of claims raised in a circuit court complaint.

<u>Id.</u> at 159, 80 P.3d at 980. For example, under analogous circumstances in a circuit court post-judgment proceeding, a post-judgment "order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." <u>Id.</u> at 160, 80 P.3d at 981 (citation omitted).

As a result of an initial post-judgment enforcement proceeding by Appellant Shigemura, the district court entered an October 13, 2014 post-judgment garnishment order in favor of Appellant Shigemura and against Appellee HMSA in the amount of $17,186.87, as well as a subsequent December 4, 2014 judgment on that same October 13, 2014 post-judgment garnishment order. However, Appellee HMSA later began a new and separate post-judgment proceeding by filing a December 15, 2014 post-judgment DCRCP Rule 60(b) motion to set aside the December 4, 2014 judgment on the October 13, 2014 post-judgment garnishment order. The district court's January 5, 2015 minutes indicate that the district court orally announced its intent to grant Appellee HMSA's December 15, 2014 post-judgment DCRCP Rule 60(b) motion. However, the district court never actually entered a written post-judgment order that expressly granted Appellee HMSA's

December 15, 2014 post-judgment DCRCP Rule 60(b) motion. A written post-judgment order by the district court granting Appellee HMSA's December 15, 2014 post-judgment DCRCP Rule 60(b) motion would qualify as an appealable final post-judgment order under HRS § 641-1(a), but the district court's "oral decision is not an appealable order." KNG Corp. v. Kim, 107 Hawaiʻi 73, 77, 110 P.3d 397, 401 (2005). The concept of entering an order "signifies something more formal than mere oral rendition of an order or ruling of the court, and contemplates a filed written order." Scott v. Liu, 46 Haw. 221, 225-26 377 P.2d 696, 700 (1963); State v. Bulgo, 45 Haw. 501, 503, 370 P.2d 480, 482 (1962). "Though the substance of the court's decision is captured in the minutes of court proceedings kept by the clerk who attended the hearing, they do not substitute for the requisite written document; they are merely prepared for [the trial court's] own use." State v. English, 68 Haw. 46, 52, 705 P.2d 12, 16 (1985) (footnote, citation and internal quotation marks omitted).[1] At the present time, the record does not contain a written, appealable, final post-judgment order that finally determines, and, thus, ends the post-judgment proceeding for Appellee HMSA's December 15, 2014 post-judgment DCRCP Rule 60(b) motion.

Nevertheless, the district court proceeded to enter

---

[1] Thus, for example, Hawaiʻi appellate courts have held that minute orders are neither enforceable nor appealable as court orders. See, e.g., Torres v. Torres, 100 Hawaiʻi 397, 407, 60 P.3d 798, 808 (2003) ("The family court's September 24, 1999 minute order, notifying the parties that it had decided in favor of Margot, did not 'embody' or 'announce' appropriate orders; the court's reasoning and precise contours of its decision remained to be expressed in the written order. Consequently, the time within which Louan was required to file her motion for reconsideration did not begin on September 24, 1999.")

-4-

additional post-judgment orders that are directly related to the resolution of this post-judgment proceeding for Appellee HMSA's December 15, 2014 post-judgment DCRCP Rule 60(b) motion, such as

- a January 30, 2015 post-judgment order awarding attorneys' fees to Appellee HMSA as a sanction against Appellant Shigemura,

- the March 5, 2015 post-judgment sanction order against Shigemura, and

- the April 7, 2015 judgment on the January 30, 2015 post-judgment order awarding attorneys' fees.

The March 5, 2015 post-judgment sanction order against Shigemura was immediately appealable under the collateral order doctrine. Siangco v. Kasadate, 77 Hawaiʻi 157, 161, 883 P.2d 78, 82, (1994) (acknowledging through dicta that sanction orders against attorneys are immediately appealable under the collateral order doctrine); Schonleber v. A Reef Adventure, Inc., 97 Hawaiʻi 422, 426, 38 P.3d 590, 594 (App. 2001) (acknowledging that "orders imposing sanctions against attorneys are immediately appealable under the collateral order doctrine."). Nevertheless, Shigemura did not file his April 30, 2015 notice of appeal within thirty days after entry of the March 5, 2015 post-judgment sanction order, as Rule 4(a)(1) of the Hawaii Rules of Appellate Procedure (HRAP) required for a timely appeal, and the failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court

-5-

for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Consequently, under the current circumstances, we presently lack appellate jurisdiction to review the March 5, 2015 post-judgment sanction order.

Furthermore, absent a written, appealable final post-judgment order that finally determines and ends the post-judgment proceeding for Appellee HMSA's December 15, 2014 post-judgment DCRCP Rule 60(b) motion, the district court's directly related January 30, 2015 post-judgment order and corresponding April 7, 2015 judgment awarding attorneys' fees are not yet eligible for appellate review.

In the context of this post-judgment proceeding, the final decision by the district court that will perfect the parties' right to appeal will not be a "judgment" document (because the district court has already long since entered the May 7, 2014 judgment on Appellant Shigemura's substantive cause of action in his complaint), but, rather, it will be a written post-judgment order that finally determines, and, thus, ends this post-judgment proceeding for Appellee HMSA's December 15, 2014 post-judgment DCRCP Rule 60(b) motion to set aside the December 4, 2014 judgment on the October 13, 2014 post-judgment garnishment order. A timely appeal from such a post-judgment order will entitle an aggrieved appellant to obtain appellate review of all directly related post-judgment orders that the district court entered in the resolution of this post-judgment proceeding, such as

-6-

- the January 30, 2015 post-judgment order awarding attorneys' fees to Appellee HMSA as a sanction against Appellant Shigemura,

- the March 5, 2015 post-judgment sanction order against Shigemura, and

- the April 7, 2015 judgment on the January 30, 2015 post-judgment order awarding attorneys' fees.

See, e.g., Cook v. Surety Life Insurance Company, 79 Hawaiʻi 403, 409, 903 P.2d 708, 714 (App. 1995) (explaining that, when an aggrieved party appeals from an appealable final order, "this court will only consider other orders which were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order." (citations omitted)); Hoopai v. Civil Service Commission, 106 Hawaiʻi 205, 215, 103 P.3d 365, 375 (2004) ("The failure to take an immediate appeal from a collateral order does not preclude review of the order on appeal from a final judgment." (citation omitted)); State v. Adam, 97 Hawaiʻi 475, 482, 40 P.3d 877, 884 (2002) (allowing a sanctioned attorney to obtain appellate review of an interlocutory sanction order against the attorney by way of an appeal from the final judgment, because, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all proceeding interlocutory orders in the case." (citations omitted)). In the absence of a written, post-judgment order that finally determines and ends the post-judgment proceeding for Appellee HMSA's December 15, 2014 post-judgment DCRCP Rule 60(b) motion, we lack appellate jurisdiction, and Appellant Shigemura's appeal is premature.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a

dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000379 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 5, 2016.

Chief Judge

Associate Judge

Associate Judge

-8-